Per Curiam.
We affirm the trial court’s order denying appellant’s “Notice of Expressed Demand for Performance,” which we have treated *147 as an order summarily denying post-conviction relief. We write to explain the basis for our affirmance.
Appellant’s “notice” sought a ruling on a motion for leave to supplement that he claims to have filed more than six years ago. Appellant alleged that he gave the supplement to prison officials for mailing on March 12, 2010, seeking to add two claims to a post-conviction motion that he had filed on March 8, 2010. Appellant filed this “demand for performance” in June 2016 seeking a ruling on the supplement.
The trial court denied the notice explaining that there was no record that the clerk of court received the motion for leave to supplement.
This court’s records show that appellant’s March 8, 2010 post-conviction motion was denied in part, and he was given leave to file an amended motion as to insufficiently-pleaded claims. He filed an amended post-conviction motion in July 2011, and the trial court denied this amended motion on the merits in September 2011. This court affirmed the denial in case number 4D11-3919. Johnson v. State, 98 So.3d 581 (Fla. 4th DCA 2012) (table).
As noted by the State, appellant filed successive post-conviction motions in 2014 and 2015 raising claims similar to the ones he sought to add through his supplement, and those motions were denied.
We reject appellant’s argument that, because he timely gave the March 12, 2010 supplement to prison officials for making, he is entitled to have it heard on the merits. Under the circumstances of this case, appellant waived any error in the court failing to consider or rule on the supplement, and he abandoned it.
The trial court gave appellant leave to amend his original March 8, 2010 post-conviction motion and appellant filed an amended motion in July 2011. This motion was denied on the merits and affirmed on appeal. Appellant did not raise the trial court’s failure to consider the March 12, 2010 supplement during the initial post-conviction proceedings, and he did not argue this as error in the appeal from the final order in those proceedings.
In addition, as noted by the State, appellant continued to litigate the claims raised in his supplement through successive motions, and the 2014 motion was denied “on the merits.” Appellant did not appeal from that order.
Appellant’s “notice” was properly denied and any right he may have had to supplement the March 8, 2010 post-conviction motion was abandoned and waived by the failure to raise it during the initial post-conviction proceedings and on appeal from the final order in those proceedings.

Affirmed.

May, Gerber and Klingensmith, JJ., concur.